HOLLAND & KNIGHT LLP
Shannon N. Cahill (SBN 345291)
Thomas W. Brooke (to be admitted *pro hac vice*)
Lauren Caverly Pratt (to be admitted *pro hac vice*)
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Facsimile: 949.833.8540
E-mail:  shannon.cahill@hklaw.com
         thomas.brooke@hklaw.com
         lauren.pratt@hklaw.com

*Attorneys for Plaintiffs*
*Concesionaria Vuela Compañía de Aviación S.A.P.I de C.V.*
*Controladora Vuela Compañía de Aviación, S.A.B. de C.V.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCESIONARIA VUELA COMPANIA DE AVIACION S.A.P.I DE C.V., a Mexican stock corporation, and CONTROLADORA VUELA COMPAÑÍA DE AVIACIÓN, S.A.B. DE C.V., a Mexican stock corporation<br><br>Plaintiff,<br><br>vs.<br><br>ELAINE BROWN SELAN, CONCESIONARIA VUELA COMPAA DE AVIACIN, S.A.P.I. DE C.V., a California nonprofit corporation, and CONTROLADORA VUELA COMPANIA DE AVIACION, S.A.B. DE C.V., a California nonprofit corporation<br><br>Defendants. | Case No.: **'25CV0073 GPC SBC**<br><br>**COMPLAINT FOR (1) FEDERAL TRADEMARK INFRINGEMENT, (2) FEDERAL TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, FALSE REPRESENTATION, AND FALSE DESIGNATION OF ORIGIN, (3) CALIFORNIA TRADE NAME INFRINGEMENT, (4) CALIFORNIA TRADEMARK INFRINGEMENT, (5) CALIFORNIA UNFAIR COMPETITION, AND (6) CALIFORNIA FALSE ADVERTISING**<br><br>Complaint Filed: _____ |

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

- 1 -
COMPLAINT FOR DAMAGES

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax:  949.833.8540

Plaintiffs Concesionaria Vuela Compania de Aviacion S.A.P.I. de C.V. ("Concesionaria") and Controladora Vuela Compañía de Aviación, S.A.B. de C.V. ("Controladora," and together with Concesionaria, "Volaris" or "Plaintiff") allege as follows:

## NATURE OF THE ACTION

1.    This is an action for infringement of Plaintiff Controladora Vuela Compañía De Aviación, S.A.B. de C.V.'s federally-registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for trade name infringement, unfair competition, false representation, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement, trade name infringement, unfair competition, and deceptive and unfair trade practices under the statutory and common laws of the State of California, all arising from the unauthorized uses of Plaintiffs' distinctive trade names, "Controladora Vuela Compañía de Aviación, S.A.B. de C.V." and "Concesionaria Vuela Compania de Aviacion S.A.P.I. de C.V.," and, upon information and belief, the unauthorized use of the VOLARIS mark (subject of U.S. Registration No. 3712524 and U.S. Registration No. 6283810) by Defendant Elaine Brown Selan ("Defendant Selan"), Defendant Concesionaria Vuela Compa de Aviacin S.A.P.I. de C.V., a California nonprofit corporation ("Defendant Concesionaria CA"), and Defendant Controladora Vuela Compania De Aviacion, S.A.B. de C.V., a California nonprofit corporation ("Defendant Controladora CA", and together with Defendants Selan and Concesionaria CA, "Defendants"), in connection with, upon information and belief, the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendants' goods and/or the marketing, advertising, promotion, and provision of Defendants' services.

2.    Plaintiff brings this action because Defendant Selan has registered two California nonprofit corporations using Plaintiff's corporate trade names or close approximations thereof, and upon information and belief, Defendants are using such trade names and Plaintiff's federally registered trademark to cause consumer confusion.

3.    Plaintiff seeks injunctive and monetary relief.

///

///

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) and 15 U.S.C. § 1121. Further, this Court possesses federal question jurisdiction over this action insofar as the matter arises under the Lanham Act. Additionally this Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) insofar as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

5.    Upon information and belief, this Court has personal jurisdiction over Defendants. Upon information and belief, Defendant Selan resides in the forum. In the Articles of Incorporation filed with the State of California Office of the Secretary of State, the address provided for Defendant Selan, as registered agent of Defendant Concesionaria CA and Defendant Controladora CA, and the mailing addresses for Defendant Concesionaria CA and Defendant Controladora CA, are all located in the forum.

6.    Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving raise to the claim occurred in this District.

**PARTIES**

7.    Plaintiff Concesionaria is a Mexican corporation with its principal place of business in the Santa Fe business district of Mexico City, Mexico. Plaintiff Concesionaria has obtained a certificate of qualification to conduct business in the State of California as an out-of-state corporation under the corporation and trade name "Concesionaria Vuela Compania de Aviacion SAPI de CV" which certificate is valid and active. "SAPI de CV" is a Mexican business designation meaning "Sociedad Anónima Promotora de Inversión de Capital Variable," which is a standard type of commercial entity in Mexico similar to a stock corporation in the State of California. Plaintiff Concesionaria is a subsidiary of Plaintiff Controladora.

8.    Plaintiff Controladora is also a Mexican corporation with its principal place of business in the Santa Fe business district of Mexico City, Mexico. Plaintiff Controladora owns a majority of the issued and outstanding stock in Plaintiff Concesionaria. While Plaintiff Controladora is not independently registered to do business in the State of California, it provides services in

California and in other jurisdictions within the United States through its subsidiary Plaintiff Concesionaria. Plaintiff Controladora also owns a majority of the issued and outstanding stock in its subsidiaries Vuela Aviación, S.A., which operates Plaintiffs' business in Costa Rica, and Vuela El Salvador, S.A. de C.V., which operate Plaintiffs' business in El Salvador. Plaintiff Controladora is the owner of two U.S. Trademark Registrations for the mark VOLARIS (standard characters), which marks it licenses to Plaintiff Concesionaria for exclusive use in the United States.

9.      Upon information and belief, Defendant Elaine Brown Selan is an individual residing in California at 4337 Caminito De La Escena, San Diego, California 92108.

10.      Defendant Concesionaria Vuela Compaa de Aviacin S.A.P.I. de C.V. is a California nonprofit corporation with a principal place of business at 30 North Gould Street, Suite R, Sheridan, Wyoming 82801.

11.      Defendant Controladora Vuela Compania De Aviacion, S.A.B. de C.V. is a California nonprofit corporation with a principal place of business at 30 North Gould Street, Suite R, Sheridan, Wyoming 82801.

### FACTS

### A.      Plaintiffs, Their Trade Names, and Their Mark.

12.      Plaintiffs operate a commercial airline offering flights within North America and to Central and South America from twenty three (23) airports across the United States, including Los Angeles, Fresno, Oakland, Ontario, Sacramento, and San Jose in California. Despite their legal status as separate entities, Plaintiffs effectively operate the airline as a single company.

13.      Plaintiffs entered the United States commercial flight market and began offering flights to and from the United States (specifically, California) in 2009 under Plaintiff Concesionaria's corporate and trade name "Concesionaria Vuela Compania de Aviacion SAPI de CV," (Plaintiffs' "U.S. Trade Name"), as well as under Plaintiffs' collective global trade name "Volaris" (Plaintiffs' "Global Trade Name"). Since then, Plaintiffs have consistently used and registered to conduct business, through Plaintiff Concesionaria, under the U.S. Trade Name in various jurisdictions throughout the United States. In pertinent part, Plaintiff Concesionaria filed documents to obtain a certificate of qualification to conduct business as an out-of-state stock corporation in the State of

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

California under the U.S. Trade Name on April 18, 2011. Plaintiffs' certificate to conduct business in the State of California, through Plaintiff Concesionaria, has remained active ever since. Attached as **Exhibit 1** is a true and correct copy of certain documents filed by Plaintiffs with the California Office of the Secretary of State to obtain and maintain its certificate of qualification.

14.    Plaintiffs' U.S. Trade Name is distinctive to both the consuming public and Plaintiff's trade, both inherently and because it has acquired distinctiveness through use over time. All terms comprised by Plaintiff's U.S. Trade Name are Spanish words. The term "Concesionaria" indicates that Plaintiff was granted a concession by the Mexican federal government to concession to provide air transportation services for passengers, cargo and mail throughout Mexico and abroad, and "Vuela" and "Aviacion" indicate that Plaintiff offers air transportation services. U.S. consumers with less than a conversational level of fluency in Spanish most likely perceive Plaintiff's U.S. Trade Name as an arbitrary or fanciful phrase. Moreover, the overall length of Plaintiff's U.S. Trade Name (including five (5) independent terms) and the use of the Mexican business designation "SAPI," rather than the designations "LLC," "Inc.," and "Corp." commonly used by businesses formed in the United States, further distinguish Plaintiffs' U.S. Trade Name.

15.    As a result of their widespread, continuous, and exclusive uses of their U.S. Trade Name to symbolize Plaintiffs' reputation and the business they carry on, and the inherent distinctiveness of the U.S. Trade Name, Plaintiffs own widespread common-law rights in and to their U.S. Trade Name.

16.    Plaintiff Controladora is also the owner of valid and subsisting United States Service Mark Registrations, Nos. 3712524 and 6283810, on the Principal Register in the United States Patent and Trademark Office for the mark VOLARIS in standard characters (the "VOLARIS Mark") in connection with, respectively, "Air transportation services for the carriage of passengers, mail, freight and cargo; packaging articles for transportation; storage of cargo and general merchandise goods; coordinating travel arrangement for individuals and for groups" and "Air transportation services; aeronautical transportation services; information regarding transportation; transportation of passengers; piloting services; aircraft rental; transportation services, namely, airline transportation

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

services, transportation reservation services, and transportation consulting services," in International Class 39.

17.    U.S. Registration No. 3712524 was granted to Plaintiff Concesionaria on November 17, 2009 (prior to its conversion to a new entity type on July 16, 2010), and was validly assigned to Plaintiff Controladora on August 8, 2019. This registration has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit 2** is a true and correct copy of (a) the registration certificate, (b) relevant portions of documents recorded with the United States Patent and Trademark Office to evidence the aforementioned entity conversion and assignment, and (c) renewal and maintenance records for United States Trademark Registration No. 3712524.

18.    U.S. Registration No. 6283810 was granted to Plaintiff Controladora on March 2, 2021. Attached as **Exhibit 3** is a true and correct copy of the registration certificate for United States Trademark Registration No. 6283810.

19.    Plaintiffs have used the VOLARIS Mark in commerce throughout the United States continuously since at least as early as August 26, 2009 in connection with the promotion, advertising, and provision of air transportation and other related services. Attached hereto as **Exhibit 4** are copies of representative samples of promotional materials showing Plaintiffs' uses of the VOLARIS Mark in connection with these services.

20.    As a result of their widespread, continuous, and exclusive uses of the VOLARIS Mark to identify Plaintiffs' services and Plaintiffs as their source, Plaintiffs own valid and subsisting federal statutory and common law rights to the VOLARIS Mark.

21.    Plaintiffs' VOLARIS Mark is distinctive to both the consuming public and Plaintiffs' trade. The mark is entitled to a presumption of inherent distinctiveness by virtue of its federal registration on the Principal Register in the United States Patent and Trademark Office, without any disclaimer. Moreover, the VOLARIS Mark has also acquired distinctiveness due to Plaintiffs' longstanding, continuous use to identify Plaintiffs as the source of the services offered under it. Attached hereto as **Exhibit 5** are copies of advertisements and digital signage promoting Plaintiffs

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax:   949.833.8540

and their commercial airline services, and signifying importance of the VOLARIS Mark to Plaintiffs and their collective global brand.

22.     Plaintiffs have expended substantial time, money, and resources marketing, advertising, and promoting the commercial flight services offered under the VOLARIS Mark, including through Plaintiffs' website and material that aims to enhance the brand's awareness to the public.

23.     Plaintiffs advertises and promotes their air transportation services under the VOLARIS Mark through their website and social media throughout the United States. Plaintiffs also offer for sale and sell their air transportation services, from airports in the United States, through its website.

24.     As a result of their consistent efforts throughout the United States for nearly 15 years, Plaintiffs have developed valuable service mark rights, including common-law rights, in the VOLARIS Mark, extending nationwide.

25.     Plaintiffs' VOLARIS Mark, as applied to air transportation and commercial flight services, is a strong, fanciful designation, entitled to a broad scope of protection, especially considering Plaintiffs' extensive history of offering such services under this mark.

26.     As a result of Plaintiffs' long, extensive, exclusive, and continuous use of the VOLARIS Mark in connection with their collective business, and the enormous public exposure due to it through promotion and excellent customer service, the VOLARIS Mark has acquired secondary meaning and has become extremely well and favorably known as a designator of origin for Plaintiffs' services. The VOLARIS Mark therefore serves to identify the source of Plaintiffs' services.

27.     Because of the likely confusion as to identity of, and the source of goods and/or services offered by, Defendant Concesionaria CA and Defendant Controladora CA, due to such Defendants' use and registration of trade names that are virtually identical to Plaintiffs' U.S. Trade Name and Plaintiff Controladora's trade name, and, upon information and belief, Defendants' unauthorized uses of the VOLARIS Mark, Plaintiff's goodwill in its U.S. Trade Name and its VOLARIS Mark has been and will be damaged.

/ / /

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax:  949.833.8540

28. Defendants' continuing infringing activity demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of both Plaintiffs' consumers and potential consumers and in the minds of Defendants' consumers and potential consumers.

**B.    Defendants' Unlawful Acts.**

29. Without Plaintiffs' knowledge, beginning after Plaintiffs acquired protectable exclusive rights in their U.S. Trade Name and their VOLARIS Mark, upon information and belief, Defendant Selan registered two businesses in California using (a) the corporation name "Concesionaria Vuela Compaa de Aviacin, S.A.P.I. de C.V.," which is nearly indistinguishable from Plaintiffs' U.S. Trade Name (the "Concesionaria Infringing Name"), and (b) the corporation name "Controladora Vuela Compania de Aviacion, S.A.B. de C.V.," which is virtually identical to Plaintiff Controladora's corporate and trade name (the "Controladora Infringing Name", and together with the Concesionaria Infringing Name, the "Infringing Names").

30. Without Plaintiffs' knowledge, beginning after Plaintiffs acquired protectable exclusive rights in their U.S. Trade Name and their VOLARIS Mark, upon information and belief, Defendants Selan, Concesionaria CA, and Controladora CA also began using a mark (the "Infringing Mark") confusingly similar to Plaintiffs' VOLARIS Mark in U.S. commerce.

31. Defendant Concesionaria CA was formed on February 15, 2023. Upon information and belief, on this date, Defendant Selan electronically executed and filed articles of incorporation with the California Office of the Secretary of State to form a nonprofit mutual benefit corporation under the laws of the State of California using the Concesionaria Infringing Name as the corporation name. Defendant Selan is listed as the registered agent for service of process in such articles of incorporation and, upon information and belief, is the sole owner and director of Defendant Concesionaria CA. These articles of incorporation include statements that the purpose of Defendant Concesionaria CA is "to engage in any lawful act or activity other than credit union business, for which a corporation may be organized under such law," and that "[t]he specific purpose of this corporation is to Social Network Educational."

32. Defendant Controladora CA was also formed on February 15, 2023. Upon information and belief, on this date, Defendant Selan electronically executed and filed articles of incorporation

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

the California Office of the Secretary of State to form a nonprofit mutual benefit corporation under the laws of the State of California using the Controladora Infringing Name as the corporation name. Defendant Selan is also listed as the registered agent for service of process in such articles of incorporation and, upon information and belief, is the sole owner and director of Defendant Controladora CA. These articles of incorporation include statements that the purpose of Defendant Controladora CA is "to engage in any lawful act or activity other than credit union business, for which a corporation may be organized under such law," and that "[t]he specific purpose of this corporation is to Social Network Educational."

33.    Attached as **Exhibit 6** is a true and correct copy of the articles of incorporation of Defendant Concesionaria CA and Defendant Controladora CA that, upon information and belief, Defendant Selan filed with the California Office of the Secretary of State on February 15, 2023.

34.    The articles of incorporation for both Defendant Concesionaria CA and Defendant Controladora CA also provide that the mailing address of both Defendants and their registered agent, Defendant Selan, is 416 W San Ysidro Blvd, L-1958, San Ysidro, CA 92173, and that the principal office address of both Defendant Concesionaria CA and Defendant Controladora CA is 30 N Gould, Suite R, Sheridan, WY, 82801. Upon information and belief, the mailing address provided for Defendants is a private mailbox rented from a local business and shipping service center. Upon information and belief, neither Defendant Concesionaria CA nor Defendant Controladora CA conducts business from the place of business at the Wyoming address provided in the articles of incorporation.

35.    Upon information and belief, between January 24, 2023, and April 1, 2023, Defendant Selan filed articles of incorporation with the California Secretary of State for over 350 nonprofit mutual benefit corporations, which articles name Defendant Selan as the registered agent and list the same mailing addresses, principal office address, and purposes as those provided in the articles of incorporation filed for Defendants Concesionaria CA and Controladora CA. Upon information and belief, the majority of these articles of incorporation, including those forming Defendants Concesionaria CA and Controladora CA, were electronically filed with the California Secretary of State between February 9, 2023, and February 16, 2023. Upon information and belief, all of the

nonprofit mutual benefit corporations formed by Defendant Selan have a corporation name that is the trade name of a legitimate and existing for-profit business entity.

36.     Plaintiffs attempted to resolve this matter directly with both the California Secretary of State and Defendant Selan. On May 9, 2024, Plaintiffs' counsel sent a letter to the Office of the California Secretary of State to advise of Defendant Selan's actions; namely, that she had established several hundred businesses in the State of California, including a nonprofit corporation using Plaintiffs' U.S. Trade Name. On June 21, 2024, Plaintiffs received a response from the Legal Affairs Unit of the California Secretary of State Business Programs Division, advising that Defendant Concesionaria CA and Defendant Controladora CA were both in good standing, that Plaintiffs' U.S. Trade Name was distinguishable from Defendant Concesionaria's corporate name, and that the matter could only be resolved through a private civil lawsuit or by another state or local agencies. Attached and made a part hereof as **<u>Exhibit 7</u>** are copies of the letter Plaintiffs' counsel sent to Office of the California Secretary of State on May 9, 2024, and the letter Plaintiffs' counsel received from the Office of the California Secretary of State on June 21, 2024.

37.     While Plaintiffs awaited a response or action from the California Secretary of State, Plaintiffs also sent a letter to Defendant Selan, explaining the nature of their complaint and demanding she cease her unauthorized uses of Plaintiffs' U.S. Trade Name and the trade name of Plaintiff Controladora and file appropriate documents to dissolve Defendants Concesionaria CA and Controladora CA. Attached and made a part hereof as **<u>Exhibit 8</u>** is a copy of the cease and desist letter Plaintiffs' counsel sent to Defendant Selan, on June 12, 2024, at the registered agent address listed in the articles of incorporation for both Defendants Concesionaria CA and Controladora CA and, upon information and belief, at the address where Defendant resides.

38.     To date, Plaintiffs have received no response to the referenced cease and desist letter and, after reasonable inquiry, has no evidence that Defendant Selan has responded to or complied with the demands set forth in Plaintiffs' counsel's cease and desist letter.

39.     Defendants' infringing acts as alleged herein have resulted in actual confusion. A party wishing to serve Plaintiff Concesionaria with a complaint in small claims court, due to events arising out of or relating to Plaintiffs' collective business and services, served such complaint on Defendant

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

COMPLAINT FOR DAMAGES

Selan by mail. Plaintiffs never received a copy of the complaint, and had no notice of this matter until a hearing date had already been set for the case. Moreover, the small-claims plaintiff has been unwilling to settle the matter outside of court or to provide a copy of the complaint to Plaintiffs, despite Plaintiffs advising Defendant Selan is not their registered agent or affiliated with Plaintiffs in any way. This has harmed Plaintiffs' goodwill reputation with at least one consumer, as well as its ability to settle outside court or defend against the claims asserted by the small-claims plaintiff. Upon information and belief, other nonprofit mutual benefit corporations incorporated by Defendant Selan have also been served with legal notices intended for the party whose legitimate trade name Defendant Selan pilfered. Any actions taken by either Defendant Concesionaria CA or Defendant Controladora CA that negatively harm a consumer could reasonably be perceived as actions taken by Plaintiffs, and will continue to harm the goodwill Plaintiffs' have developed with consumers.

40.    Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiffs' U.S. Trade Name and the VOLARIS Mark and confuse and deceive consumers as to the nature, source, and legitimacy of any services provided by or purported to be provided by Defendant Concesionaria CA, Defendant Controladora CA, or both.

41.    Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiffs and to their valuable collective reputation and goodwill with the consuming public.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**

42.    Plaintiffs re-allege and incorporate herein by reference the allegations contained in Paragraphs 1 through 41, as though fully set forth herein.

43.    Upon information and belief, Defendants' unauthorized uses in commerce of the Infringing Mark, as alleged herein, are likely to deceive consumers as to the origin, source, sponsorship, nature, legitimacy, or affiliation of Defendants' goods and/or services, and are likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiffs and/or that Defendants' services are provided, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs.

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

1  Upon information and belief, Defendants' conduct therefore constitutes trademark infringement in

2  violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

3      44.    Upon information and belief, Defendants have committed the foregoing acts of

4  infringement with full knowledge of Plaintiffs' prior rights in the U.S. Trade Name and in the

5  VOLARIS Mark and with the willful intent to cause confusion and trade on Plaintiffs' goodwill.

6      45.    By reasons of Plaintiffs' prior adoption and use of the federally-registered VOLARIS

7  Mark, Plaintiffs' rights are superior to and supersede any rights Defendants may have in the Infringing

8  Mark.

9      46.    Defendants were on constructive notice of the existence of Plaintiffs' rights in and to

10 the VOLARIS Mark, by reason of the existence of Plaintiff Controladora's federal trademark

11 registration and Plaintiffs' prior cease and desist letter.

12     47.    Upon information and belief, Defendants had actual knowledge of Plaintiffs' prior and

13 superior rights to the VOLARIS Mark.

14     48.    Upon information and belief, the class of customers for the goods and/or services

15 offered by Defendants is the same class of customers to whom Plaintiffs offer their services.

16     49.    In view of the virtually identical or highly similar nature of the parties' corporation or

17 trade names, the confusing similarity caused by, upon information and belief, the use of Plaintiffs'

18 VOLARIS Mark by the two parties, and the substantially similar channels of trade and classes of

19 purchasers of the parties' products and/or services, Defendants' continued uses of Plaintiffs'

20 VOLARIS Mark, upon information and belief, in connection with the sale of products and/or

21 provision of services, are likely to cause confusion, mistake, and deception among purchasers and the

22 public generally, leading them to believe, falsely, that Defendants' products and services are those

23 of, sponsored or approved by, or in some way connected with Plaintiffs, to the irreparable injury of

24 Plaintiffs and the public. Despite such likelihood of public confusion, mistake, or deception,

25 Defendants have not taken steps to dissolve or change the corporation name of either Defendant

26 Concesionaria CA or Defendant Controladora CA, disregarding Plaintiffs' demands that Defendants

27 do so.

28 / / /

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

50.     On information and belief, Defendants' acts complained of herein have for their objective the willful appropriation of Plaintiffs', rights in the VOLARIS Mark and of the valuable goodwill of Plaintiffs' business, thereby unlawfully benefitting Defendants.

51.     On information and belief, the continued use of the Infringing Names and Infringing mark by Defendants will be likely to injure the collective business and reputation of Plaintiffs and will damage the distinctive quality of Plaintiffs' federally registered VOLARIS Mark.

52.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to its goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

53.     Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### FEDERAL TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, FALSE REPRESENTATION, AND FALSE DESIGNATION OF ORIGIN

54.     Plaintiffs re-allege and incorporate herein by reference the allegations contained in Paragraphs 1 through 53, as though fully set forth herein.

55.     Defendants' unauthorized uses of the Infringing Names and, upon information and belief, use in commerce of the Infringing Mark, are likely to deceive consumers as to the origin, source, sponsorship, nature, quality or affiliation of Defendants' products and/or services, and are likely to cause consumers to believe, contrary to fact, that Defendants' products and/or services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs.

56.     Defendants' unauthorized uses of the Infringing Names and, upon information and belief, uses in commerce of the Infringing Mark constitute uses of a false designation of origin and misleading description and representation of fact.

/ / /

/ / /

57.     Upon information and belief, Defendants' conduct is willful and is intended and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs.

58.     Defendants' conduct therefore constitutes trade name infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to their collective goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

60.     Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with pre-judgment and post-judgment interest.

61.     The aforesaid acts constitute federal trade name infringement and unfair competition in the form of passing off, false representation, false advertising, and false designation of origin, all in direct violation of 15 U.S.C. § 1125 (a).

### THIRD CAUSE OF ACTION
### CALIFORNIA TRADEMARK INFRINGEMENT

62.     Plaintiffs re-allege and incorporate  herein by reference the allegations contained in Paragraphs 1 through 61, as though fully set forth herein.

63.     This cause of action arises under Cal. Bus. & Prof. Code § 14200 *et seq*., specifically § 14245.

64.     This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

65.     Defendants' uses of the Infringing Mark, upon information and belief, in connection with the sale of goods and/or provision of services are without the permission or authorization of either Plaintiff and are likely to cause confusion, mistake and deception among consumers and the public generally. Despite such a likelihood of public confusion, mistake, or deception, and upon information and belief, Defendants have continued to use and are presently using the Infringing Mark

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax:  949.833.8540

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

1  in connection with the sale of goods and/or provision of services, disregarding Plaintiff's demand that

2  Defendants cease this activity.

3  66.    Upon information and belief, Defendants' continued uses of the Infringing Mark in

4  connection with the sale of goods and/or provision of services are likely to injure the activities and

5  collective reputation of Plaintiffs, will diminish the distinctive quality of Plaintiffs' source-identifying

6  mark, and cause irreparable injury to Plaintiffs' trade and collective goodwill and to the public. Upon

7  information and belief, Defendants use or intend to use Plaintiff VOLARIS Mark and the goodwill

8  associated with such mark to deceive consumers and cause the mistaken belief that Defendants

9  operate a legitimate business so as to dupe or defraud consumers.

10  67.    Defendants' wrongful acts constitute common law trademark infringement in

11  California.

12  68.    Defendants' aforesaid acts are irreparably damaging to Plaintiffs and will continue to

13  irreparably damaging Plaintiffs unless enjoined by this Court, and Plaintiffs are without an adequate

14  remedy at law.

15  69.    Upon information and belief, Defendants have engaged in unfair methods of

16  competition, unconscionable acts or practices, and unfair or deceptive acts or practices through their

17  unlawful uses of the Infringing Mark.

18  70.    Defendants' use of the Infringing Mark is likely to cause confusion among consumers

19  given:

20    a.  Plaintiffs' historical and continuous use of the VOLARIS Mark;

21    b.  The proximity of the Defendants' stated mailing address to an airport from

22      which Plaintiffs provide air transportation services;

23    c.  Similarity of marks in sight, sound, and meaning; and

24    d.  Defendants' ill intent in using the Infringing Mark.

25  **FOURTH CAUSE OF ACTION**
   **CALIFORNIA TRADE NAME INFRINGEMENT**

26

27  71.    Plaintiffs re-allege and incorporate  herein by reference the allegations contained in

28  Paragraphs 1 through 70, as though fully set forth herein.

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

72.     This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

73.     This cause of action arises under Cal. Bus. & Prof. Code § 14400 *et seq*., specifically § 14402.

74.     Plaintiffs are entitled to a rebuttable presumption that they have, or at least Plaintiff Concesionaria has, the exclusive right to use the U.S. Trade Name in the State of California by virtue of Plaintiff Concesionaria's priority in obtaining a certificate of qualification to do business setting forth the U.S. Trade Name as its corporate name, and the business it actually conducts utilizing such corporate name, in the State of California. Plaintiffs have, or at least Plaintiff Concesionaria has, priority of the entitlement to such presumption over Defendants because Plaintiff Concesionaria obtained its certificate of qualification to do business in the State of California before Defendant Selan filed the articles of incorporation for Defendant Concesionaria CA.

75.     The geographic scope of the business conducted by Plaintiffs includes the entire state of California due to the nature of international air travel.

76.     Plaintiffs' U.S. Trade Name is unique and fanciful, and has acquired distinctiveness by virtue of Plaintiffs' longstanding use of the U.S. Trade Name to conduct business in California.

77.     Defendants' adoption and uses of the virtually identical and confusingly similar corporation names set forth in the articles of incorporation for Defendants Concesionaria CA and Defendant Controladora CA are unfair and likely to cause confusion or mistake or otherwise deceive consumers as to the nature, legitimacy, and reputation of Defendants' business. Such adoption and use of Plaintiffs' U.S. Trade Name by Defendants violates Plaintiffs' exclusive rights to conduct business under this trade name.

78.     Defendants' continuing use of Plaintiffs' U.S. Trade Name as the corporation name of Defendant Concesionaria CA is, and will continue to be, greatly and irreparably damaging to Plaintiff unless enjoined by this Court.

/ / /

/ / /

/ / /

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIFTH CAUSE OF ACTION
## CALIFORNIA UNFAIR COMPETITION

79.    Plaintiffs re-allege and incorporate  herein by reference the allegations contained in Paragraphs 1 through 78 as if fully set forth herein.

80.    This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

81.    As described more fully herein, Defendants' wrongful acts constitute unfair competition, under Cal. Bus. & Prof. Code § 17200 *et seq*.,  in that said acts:

   a.  Enable and will continue to enable Defendants to obtain the benefit of and trade on Plaintiffs' collective goodwill;

   b.  Damage and will continue to damage Plaintiffs' collective goodwill in that Plaintiffs do not have control over Defendants' operations; and

   c.  Cause, have caused, and are likely to continue to cause confusion, mistake, or deception in the minds of the public.

82.    The aforesaid acts of Defendants are greatly and irreparably damaging to Plaintiffs and will continue to be greatly and irreparably damaging unless enjoined by this Court.

## SIXTH CAUSE OF ACTION
## CALIFORNIA FALSE ADVERTISING

83.    Plaintiffs re-allege and incorporate  herein by reference the allegations contained in Paragraphs 1 through 82, as though fully set forth herein.

84.    This cause of action arises under Cal. Bus. & Prof. Code § 17500 *et seq*. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

85.    Defendants have engaged in false advertising by their continued and deceptive use of the Infringing Names as the corporation and trade names of Defendant Concesionaria CA and Defendant Controladora CA and, upon information and belief, their continued and deceptive uses of the Infringing Mark.

/ / /

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

86.    Defendants' advertising and marketing uses of the Infringing Names and, upon information and belief, the Infringing Mark, cause confusion among consumers given:

      a.    Plaintiff's historical and continuous use of its U.S. Trade Name and VOLARIS Mark;

      b.    Plaintiff Controladora's historical and continuous use of its corporation and trade name;

      c.    The proximity of the Defendants' stated mailing address to an airport from which Plaintiffs provide air transportation services;

      d.    Similarity of the trade names in sight, sound, and meaning; and

      e.    Degree of care, or lack thereof, exercised by purchasers seeking ultra low-cost international travel services and goods and services related thereto.

87.    Defendant Concesionaria CA's corporation name is so substantially similar to Plaintiffs' U.S. Trade Name, and Defendant Controladora CA's corporation name is so substantially similar to Plaintiff Controladora's corporation and trade name, that consumers are likely to be confused as to source of any products and/or services sold, offered, or provided by Defendants, whether under the Infringing Mark or not.

88.    Defendants are aware that their unlawful uses of Plaintiffs' U.S. Trade Name, Plaintiff Controladora's corporation and trade name, and the VOLARIS Mark are either actually misleading or have the capacity, likelihood, or tendency to deceive or confuse the public.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants Elaine Brown Selan, Concesionaria Vuela Compaa de Aviacin, S.A.P.I. de C.V., and Controladora Vuela Compania De Aviacion, S.A.B. de C.V. as follows:

      a.    That Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

      b.    That Defendants have violated California trademark and trade name law Cal. Bus. & Prof. Code § 14200 et seq., unfair competition law Cal. Bus. & Prof. Code § 17200 *et seq*. and Cal. Bus. & Prof. Code § 17500 *et seq*.

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

c.     Granting an injunction temporarily and permanently enjoining Defendants Concesionaria CA and Controladora CA, their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, including Defendant Selan, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    i.    using Plaintiffs' U.S. Trade Name, or any close or similar trade names, as a trade name or registered corporation name;

    ii.    using Plaintiff Controladora's corporate and trade name, or any close or similar trade names, as a trade name or registered corporation name;

    iii.    using Plaintiff Concesionaria's corporate and trade name, or any close or similar trade names, as a trade name or registered corporation name;

    iv.    manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise or promote any of Defendants' products bearing, or services provided under, the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' VOLARIS mark;

    v.    engaging in any activity that infringes Plaintiffs' rights in the U.S. Trade Name or the VOLARIS mark;

    vi.    engaging in any activity constituting unfair competition with either Plaintiff;

    vii.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiffs or (ii) Plaintiffs' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

- 19 -
COMPLAINT FOR DAMAGES

viii.  registering or applying to register any trademark, company name, corporate name, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the U.S. Trade Name, the VOLARIS Mark, or any other mark that infringes or is likely to be confused with Plaintiffs' VOLARIS mark, or any goods or services of Plaintiffs, or Plaintiffs as their source; and

ix.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited herein.

d.  Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiffs or constitute or are connected with Plaintiffs' air transportation services.

e.  Directing Defendants to immediately cancel, dissolve, deregister, and take all other steps necessary to remove from the California Secretary of State business entity registry, the businesses in California using the corporation name "Concesionaria Vuela Compaa de Aviacin, S.A.P.I. de C.V.," and the corporation name "Controladora Vuela Compania de Aviacion, S.A.B. de C.V."

f.  Directing the Defendants to cancel, dissolve, and deregister any corporate or business registration using, and to not to apply to register, any of the corporate names of entities affiliated with, or controlled by Plaintiff Controladora, including without limitation, (i) Vuela Aviación, S.A. and (ii) Vuela El Salvador, S.A. de C.V.

g.  Directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' VOLARIS mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiffs' VOLARIS Mark, and to immediately remove them from public access and view.

h.    Directing that Defendants recall and deliver up for destruction, or other disposition, all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiffs' VOLARIS Mark.

i.    Directing Defendants to formally abandon with prejudice any and all of their applications to register the Infringing Mark or Plaintiffs' U.S. Trade Name or any mark consisting of, incorporating, or containing Plaintiffs' U.S. Trade Name, Plaintiff Controladora's corporate and trade name, or the VOLARIS Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

j.    Directing Defendants to cancel with prejudice any and all of their registrations for the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiffs' U.S. Trade Name, Plaintiff Controladora's corporate and trade name, or the VOLARIS Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

k.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)),

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax:  949.833.8540

Holland & Knight LLP
4675 MacArthur Court, Suite 900
Newport Beach, CA 92660
Telephone: 949.517.1413
Fax: 949.833.8540

Defendants to file with the court and serve upon Plaintiffs' counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

l.   Awarding Plaintiffs an amount up to three times the amount of their actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

m.   Directing that Defendants account to and pay over to Plaintiffs all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiffs for the damages caused thereby.

n.   Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiffs their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

o.   Awarding Plaintiffs interest, including prejudgment and post-judgment interest, on the foregoing sums.

p.   Awarding Plaintiffs damages to the full extent provided by California common law.

q.   Any other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 13, 2025

HOLLAND & KNIGHT LLP

_____/s/*Shannon N. Cahill*_____
Shannon N. Cahill
Attorneys for Plaintiff
*Concesionaria Vuela Compañía de Aviación,
S.A.P.I de C.V.
Controladora Vuela Compañía de Aviación,
S.A.B. de C.V.*